IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BENNIE T. CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-053 |
| | ) | |
| SHERIFF BILL HARRELL,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

### I.   BACKGROUND

On May 25, 2011, a jury in Laurens County Superior Court convicted Petitioner of one count of a window tint violation and one count of possession of cocaine. (Doc. no. 1, p. 1.) Petitioner states he was sentenced to serve two years of a ten-year prison sentence. (Id.) Petitioner does not report filing a direct appeal, but he did file a "Motion for Documents and

---

[1] According to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition must name as Respondent the state officer who has custody of Petitioner. Although the docket lists Laurens County, Georgia as Respondent, the petition lists Laurens County Sheriff Bill Harrell. Likewise, Petitioner's address is listed as the location of the Laurens County Jail. (Doc. no. 1, p. 7.) Accordingly, the Court **DIRECTS** the Clerk to update the docket in accordance with the caption of this Report and Recommendation.

Records" in his underlying criminal case in the Superior Court of Laurens County on October 11, 2011. (Id. at 11-12.) However, when Petitioner filed this motion, the time to appeal had passed, and Superior Court Judge Donald W. Gillis denied the motion based on the determination Petitioner had not met the requirements for obtaining a free copy of the court file to pursue post-conviction relief. (Id. at 10.) Petitioner does not report filing a state habeas petition.

Petitioner executed the instant habeas corpus petition on April 7, 2016, and his mother filed it with the Clerk of Court in the Middle District of Georgia on June 13, 2016.[2] (Id. at 1; doc. no. 1-1.) By order of United States District Judge C. Ashley Royal, the case transferred to the Southern District of Georgia on June 29, 2016. (Doc. nos. 3, 4.) Petitioner claims (1) he received ineffective assistance from his trial counsel, (2) an investigating officer offered false testimony when swearing out an arrest warrant for Petitioner and during a subsequent court proceeding, and (3) he did not receive a mental evaluation as ordered prior to trial. (Doc. no. 1, pp. 5-6.)

## II. DISCUSSION

### A. The Petition Is Time-Barred.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]As the petition was submitted on a state habeas corpus form, it is not entirely clear Petitioner intended to seek habeas corpus relief in federal court.

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his conviction in May of 2011, his conviction became "final" when the thirty day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final in June of 2011.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Even if the Court were to assume for the sake of argument Petitioner's motion requesting documents somehow qualified as a properly filed application for state post-conviction relief, that motion was denied on December 12, 2011, and Petitioner does not report seeking any other type of relief in the state courts that would toll his statute of limitations. Thus, the instant petition filed in June of 2016, over four years after his convictions became final, is untimely.

3

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections. Petitioner's only explanation for not presenting his claims in any other court – state or federal – prior to this petition is that his motion for documents was denied in 2011. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The

4

petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from timely filing his federal petition. Petitioner does not report having undertaken any efforts since his conviction and the denial of his motion for documents in 2011 to challenge his underlying convictions by way of any type of habeas corpus petition.

5

Nor has he presented any evidence, much less new, reliable evidence, to show that he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### C. If Petitioner Intends to Challenge Revocation Proceedings, He Must First Exhaust Available State Court Remedies Before Seeking Relief in Federal Court.

For the sake of completeness, the Court notes Petitioner's address on the petition is listed as the location of the Laurens County Jail. As a state prisoner serving a sentence of ten years would usually be located at a state prison, and as Petitioner states he was originally sentenced to serve in prison two years of his ten-year sentence, the Court surmises Petitioner may have been re-arrested for some sort of parole violation.

Even if the Court were to assume Petitioner actually intends to challenge his revocation rather than the underlying conviction, he must still exhaust available state court remedies before seeking relief in federal court. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

6

Georgia case law is clear that state habeas corpus procedures are available to challenge revocation of parole. See, e.g., Roberts v. Scroggy, 597 S.E.2d 385, 385 (Ga. 2004) (reviewing state habeas proceedings concerning parole revocation); Williams v. Lawrence, 540 S.E.2d 599, 601 (Ga. 2001) (same). Thus, even if Petitioner were intending to challenge some sort of revocation proceedings, his petition would not now be properly before this federal court because he does not report ever having filed a state habeas corpus petition. If Petitioner intends to bring a challenge in the future to any revocation proceedings, he should be aware AEDPA's statute of limitations deadline for such a challenge would be calculated based on either the date of the order revoking his parole or the date the factual predicate of his claims could have been discovered through the exercise of due diligence. Chambers v. Fla. Parole Comm'n, 257 F. App'x 258, 260 (11th Cir. 2007); 28 U.S.C. §§ 2244(d)(1)(A)&(D).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of July, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA